385 A.2d 667.

JOHN KURBIEC, JR. *v.* GEORGE J. BASTIEN *et al.*

APRIL 27, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris, and Weisberger, JJ.

PER CURIAM. This is an appeal by the defendants, who comprise the Board of Public Safety for the City of Warwick, from a judgment of the Superior Court which found that the defendants had exceeded their authority in dismissing the plaintiff from his employment as a Warwick police officer.

As a result of disabling injuries suffered in the course of his employment, plaintiff filed a petition for early retirement and disability benefits. Prior to a hearing on this petition and while receiving full sick leave pay from the Warwick Police Department, plaintiff was employed by the Disabled American Veterans. While so employed, plaintiff was confronted by a commander of the force and suspended summarily for a 40-hour period for alleged violations of police regulations. This suspension was reported to the Chief of Police of Warwick, who confirmed the commander's decision and imposed on plaintiff an additional, consecutive 100-hour suspension.

The plaintiff appealed his suspension to defendants, who conducted a hearing on the charges presented pursuant to the suspension and as a result dismissed plaintiff from the police force. The plaintiff appealed defendants' decision to the Superior Court under G.L. 1956 (1970 Reenactment) §45-20-1.1[1] The trial justice held that in dismissing plaintiff, defendants had exceeded their authority because they did not confine their review to the issue of suspension and because by increasing the sanction on plaintiff from a suspension to a dismissal, they had subjected plaintiff to double jeopardy. From this judgment the defendants have appealed to this court.

We are of the opinion that this appeal is not properly before us. When legislation such as §45-20-1.1 is enacted which fails to provide any method for appellate review of actions taken in the Superior Court, we must acknowledge the right of the Legislature to so limit a party's right of appeal. *Simmons* v. *Town Council*, 112 R.I. 522, 312 A.2d 725 (1973). Despite this legislative limitation, however, we have held that under article XII of amendments to the state constitution this court can exercise final revisory and appellate jurisdiction in such cases pursuant to our powers to issue prerogative writs, such as certiorari. *Id.* Thus the proper procedure to invoke the jurisdiction of this court to review a decision of the Superior Court under §45-20-1.1 is by certiorari, not by appeal. The defendants have failed to comply with this procedure.

The defendants' appeal is denied and dismissed without prejudice, and the judgment appealed from is affirmed.

*Daniel V. McKinnon, Amy R. Tabor,* for plaintiff.

*Thomas L. McDonald, William J. Toohey,* for defendant.

---

[1]General Laws 1956 (1970 Reenactment) §45-20--1.1 permits a police officer who, because of alleged violations of police regulations, has been dismissed from the police force by a decision of any bureau or board controlling the police department to appeal such decision to the Superior Court provided that he has exhausted all other available administrative remedies.