**John A. KURBIEC, Jr.**

v.

**George J. BASTIEN et al.**

**No. 78–195–M.P.**

Supreme Court of Rhode Island.

April 16, 1981.

McKinnon & Fortunato, Daniel V. McKinnon and Amy R. Tabor, Pawtucket, for plaintiff-respondent.

William J. Toohey, City Sol., David D. Prior, Asst. City Sol., Warwick, for defendants-petitioners.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari. The petitioner seeks review of a Superior Court judgment which determined that the defendants were without jurisdiction to terminate the plaintiff's employment as a police officer of the city of Warwick and remanded the case to the Warwick Board of Public Safety for action consistent with the opinion of the Superior Court. The judgment of the Superior Court can best be understood in the context of the factual and procedural history of the case.

John A. Kurbiec, Jr. (the officer), began his employment as a member of the Warwick police department in 1967. Thereafter, on September 30, 1972, he suffered an injury to his knee while on duty. As a result of his injury, the officer underwent approximately six surgical procedures on his injured leg. Between September 1972, and December 1974, the officer was intermittently on a sick-leave status but returned from time to time to active duty. However, in December of 1974 the officer went on sick leave and never returned to

active duty with the Warwick police department. At all times while on a sick-leave status, the officer received full salary from the city.

On October 23, 1974, the officer applied for a disability pension. Pursuant to this application the Board of Public Safety of the City of Warwick (the board) scheduled a hearing for March 12, 1975. On March 10, 1975, Commander Glendenning of the Warwick police department (the commander) discovered that the officer was working for the Disabled American Veterans in the Federal Building in Providence. The commander took the position that it was wrong for the officer to be employed while he was on a sick-leave status from the department and, further, that the officer was in violation of Warwick police regulations because while so employed, he did not have his police identification card or his badge on his person. After interviewing the officer, the commander imposed a punishment of forty hours' suspension. Thereafter, the chief of police of Warwick, Edward P. Audet, imposed a summary suspension upon the officer of one hundred hours. On March 14, 1975, the officer and his attorney filed a written request with the Warwick police department which sought a full hearing on the matter of the officer's suspension. The chief of police replied in writing. to the officer's attorney that a hearing on the officer's suspension would take place on April 2, 1975, at 8 p. m. This reply was accompanied by a written notice of the

charges against the officer. A notice of these charges was served on the officer as well.

On April 2, 1975, a hearing took place before the board. At this hearing testimony was adduced that the officer had been working for the Disabled American Veterans in a clerical position while on sick leave with full pay from the Warwick police department. Further testimony was presented that the officer had been employed by an automobile dealer while on sick leave from the department in June 1973. Evidence was also presented in support of additional charges that had been served upon the officer.[1] After considering the evidence, the chairman of the board rendered a written decision on April 3, 1975, which dismissed the officer from the police department effective as of midnight on the date of rendition of the decision.[2] Thereafter, the officer sought relief in the Superior Court.[3] However, it is now clear that the appropriate jurisdictional basis for the Superior Court's consideration of this matter was G.L.1956 (1970 Reenactment) § 45–20–1.1. Indeed, this court has so observed in respect to the instant case in *Kurbiec v. Bastien*, R.I., 385 A.2d 667 (1978), in which we held that the appeal purportedly taken by the board was not properly before us since no appeal has been provided from decisions of the Superior Court pursuant to § 45–20–1.1. We held that the only review of such a judgment was by common law certiorari and not by appeal. Thereafter, we granted

---

1. Charges preferred by the chief and served upon the officer in the notice of hearing read as follows:

    "(1) Violation of Section 305.5, Subsection (f), leaving the limits of the City while on sick status without permission of the Chief.
    "(2) Section 203.3, failing to have badge and identification on person.
    "(3) Violation of Part III, Section 304.8, Subsection (g), any non-feasance, in that you did obtain employment while collecting full pay while on sick status from the department.
    "(4) Section 304.8, Subsection (y), conduct unbecoming an officer, in that you did accept sick pay from the City while working for a private concern, the Disabled American Veterans.
    "(5) Section 304.8, Subsection (aa), conduct tending to cast disrespect on the department, in that you knowingly collected sick pay

from the City of Warwick while being employed in a private concern."

2. The decision of the board was set forth in the following terms:

    "After a hearing on the charges that you violated Department Rules and Regulations, and deliberation of the evidence presented to the Board of Public Safety on April 2, 1975, a finding was made.
    "It was the decision of the Board of Public Safety that you violated these department rules.
    "It was also the unanimous decision of the Board of Public Safety that you be dismissed from this Police Department."

3. The officer's action in the Superior Court was denominated a "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF."

the petition for certiorari. *Kurbiec v. Bastien*, R.I., 388 A.2d 1378 (1978). The writ was issued on September 21, 1978, pursuant to which the record of this case was certified to us by the clerk of the Superior Court for the County of Kent.

Essentially the officer contends before us, as he did in the Superior Court, that the board had no jurisdiction to dismiss him from the police department in the context of an appeal from an administrative suspension. The Superior Court agreed with this contention.

In the posture in which this case was purportedly presented to the Superior Court, the nature of the decision to be rendered by the court was not clearly delineated to the trial justice. Both parties filed a stipulation of facts in which it was admitted that the officer had been employed as found by the board, but the officer denied that this employment was an appropriate basis for dismissal in light of the travel of the case. The parties suggested to the court that it review the action of the board pursuant to the provisions of the Administrative Procedures Act, G.L.1956 (1969 Reenactment) § 42–35–15.[4] One could scarcely fault the trial justice under the circumstances for regarding his function to be that of appellate review. Nevertheless, the provisions of § 45–20–1.1 specifically authorize and require a trial de novo, not an appellate type of review by the Superior Court. In such a situation the Superior Court has the power and responsibility to determine the facts anew and to decide, untrammeled by any decision of the municipal tribunal below, what penalty, if any, should be imposed. In a broad grant of authority, the Legislature in § 45–20–1.1 has conferred upon the Superior Court in respect to disciplinary sanctions imposed upon police officers the power to "uphold the decision, reverse the decision, restore the police officer to his former rank, revoke the suspension, reduce the penalty * * * " and provide for appropriate reimbursement to the policeman to the extent that the decision is reversed or modified. In such a de novo hearing, the Superior Court is not constricted by the doctrines of appellate review but may substitute its judgment for that of the municipal board. This does not mean that the Superior Court could not act upon a stipulated set of facts.

However, after considering the facts and circumstances of the case, the trial justice had to make a determination regarding what discipline, if any, should be imposed upon the officer. The statute does not provide for a remand to the municipal board. It clearly contemplates that the Superior Court will render a final decision in respect to the disciplining of a policeman which decision will terminate the proceedings. *See Aiudi v. Baillargeon*, R.I., 399 A.2d 1240, 1243 (1979).

In the case at bar, by reason of the erroneous presentation of both parties, the trial justice was misled concerning his appropriate role in disposing of the litigation. We believe that justice is best served by remanding this case to the trial justice with instructions to perform his appropriate function under the provisions of § 45–20–1.-1.

For the reasons stated, the petition for certiorari is hereby granted, the judgment of the Superior Court is quashed insofar as it purports to remand the case to the Board of Public Safety of the City of Warwick, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

SHEA, J., did not participate.

---

4. Although both parties sought review under the Administrative Procedures Act, obviously they were mistaken about the appropriate statutory vehicle that conferred jurisdiction of such appeal upon the Superior Court.

We note that since the Superior Court disposition of this case, the judicial review provisions of the Administrative Procedures Act have been amended in a manner not pertinent to this controversy. Public Laws 1976, ch. 140, § 20 (codified at G.L.1956 (1977 Reenactment) § 42–35–15).