Commonwealth of Pennsylvania, Farview State Hospital *v.* Nicholas A. Urda, Appellant.

608

Argued February 3, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Nicholas A. Barna,* with him *Conway, Barna & Spall,* and *Stephen G. Bresset,* for appellant.

*Cecil Maidman,* Deputy Attorney General, with him *Michael von Moschzisker,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, March 9, 1976:

The appellant, Nicholas A. Urda, has appealed from a decision of the Civil Service Commission upholding his removal from his position in the classified civil service of Psychiatric Security Aide I attached to the Farview State Hospital of the Department of Welfare.

The appellant's removal was for violation of Section 904 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.904, which reads pertinently:

> "No person in the classified service shall . . . take an active part in political management or in political campaigns . . . nor shall he circulate or seek signatures to any nominations or other petition required by any primary or election law . . . ."

Mr. Urda, while employed in his civil service position at Farview State Hospital, executed the affidavit and loyalty oath and filed petitions to have his name printed on the ballots of both the Democratic and Republican parties as a candidate for the office of District Justice in the Municipal Primary for the year 1975. While, in Mr. Urda's words at the hearing "[m]y circulators did all the circulating" of the petitions, Mr. Urda dispensed printed campaign cards (one of which, by unknown agency, found its way to a Farview Hospital bulletin board), placed newspaper advertising and engaged, as his counsel expressed it, "in personal politicing while running for office."

Mr. Urda principally says that the prohibition of Section 904 against active participation in political campaigns unconstitutionally deprives or interferes with his right to speech and association guaranteed by the First Amendment to the United States Constitution and Article 1, Section 7 of the Pennsylvania Constitution, citing many Federal Court decisions not involving statutory restrictions on political activities of civil service employes. A short, but not intended to be abrupt, answer

to these contentions, is that the United States Supreme Court has found similar enactments to be valid against the same argument made with equal fervor in *United Public Workers of America v. Mitchell*, 330 U.S. 75 (1947) ; *United States v. Wurzbach*, 280 U.S. 396 (1929), and *Ex parte Curtis*, 106 U.S. 371 (1882). As Judge CRUMLISH'S concurring opinion in *Wasniewski v. Civil Service Commission*, 7 Pa. Commonwealth Ct. 166, 174, 299 A.2d 676, 680 (1973), cogently points out, there is much to be said for less restrictive legislation but nothing which this Court can do in the face of such impressive authority to the contrary.

The appellant's additional argument based on the Fifth and Fourteenth Amendments to the United States Constitution, Article 1, Section 26 of the Pennsylvania Constitution and Section 905(a) of the Civil Service Act, 71 P.S. §741.905(a), all prohibiting discrimination, is equally without merit. The appellant at the hearing gave instances of asserted violations of Section 904 by other State employes. A reading of the record demonstrates that this testimony was ineffective. The instances mentioned lacked proof in some instances that the actors were in the civil service or, where they were, that they did more than personally espouse another's candidacy or accept a part-time position of employment with a public agency.

The appellant's final contention that Section 904 is void for vagueness also fails. "No person in the classified service shall . . . take an active part . . . in political campaigns" seems as definite to us as the fact that the appellant engaged in two campaigns in the same primary election.

ORDER

AND NOW, this 9th day of March, 1976, the order of the State Civil Service Commission is affirmed and the appeal of Nicholas A. Urda is dismissed.