Ruth E. Vaniscak, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued February 3, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, CRAIG, MACPHAIL and PALLADINO. Judges WILKINSON, JR. and WILLIAMS, JR. did not participate.

*Larry B. Selkowitz,* with him *Ronald G. Lench, Widoff, Reager, Selkowitz & Adler, P.C.,* for petitioner.

*Barbara G. Raup,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, April 24, 1981:

The petitioner, Ruth E. Vaniscak, seeks review of a decision of the State Civil Service Commission (Commission) dismissing her from the classified service because of her political activity.

On March 6, 1978, while the petitioner was employed as a psychiatric nurse by the Department of Public Welfare, she filed a petition as a candidate for election to the Republican Committee for Cambria Township in Cambria County. Upon being informed that seeking such an office could jeopardize her civil service status, she argues that she "resigned" her candidacy as of March 20, 1978, and placed a public notice of her resignation in a local newspaper on April 26 and May 3. Her name, however, appeared on the primary election ballot.

The Commission held a hearing, took evidence and thereafter concluded that the petitioner's act of filing as a candidate for committeewoman constituted a violation of the prohibition against political activity by employees in the classified service contained in Section 904 of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.904, and she was removed from her civil service position pursuant to Section 906 of the Act, 71 P.S. §741.906.

The petitioner argues that the circumstances of her situation[1] establish that her actions were not a violation of Section 904 of the Act, and did not conflict with the Act's aim of insulating civil service employees from political pressures. *Wasniewski v. Civil Service Commission,* 7 Pa. Commonwealth Ct. 166, 299 A.2d 676 (1973). Alternatively she contends that her conduct was, at the worst, an unintentional, technical violation of the Act and that Sections 904 and 906 of the Act are unconstitutionally broad if they are interpreted as denying the Commission the discretion to impose a lighter discipline than removal in the case of a de minimis offense such as was involved here.

First, we cannot agree with the petitioner's interpretation of Section 904[2] of the Act as prohibiting

[1] The petitioner claims that she did nothing more than sign the petition for candidacy, that it was her husband, not herself, who actually circulated that petition and that she immediately withdrew her candidacy upon being notified that such activity could be inconsistent with her employment in the classified service, although such withdrawal was not accomplished in time to permit her name to be removed from the ballot.

[2] Section 904 provides:

No person in the classified service shall be a member of or delegate or alternate to any political convention, nor shall he participate at any such convention, except in the performance of his official duty or as a visitor, nor shall he serve as a member of any committee of any political party, or take an active part in political management or in political campaigns, or use his office or position to influ-

only her *active participation* in the political arena. There can be no doubt that the petitioner participated in the circulation of this petition in that it was she who sought the nomination and that without the affixing of her signature no petition for candidacy could have been filed. *See e.g., Farview State Hospital v. Urda,* 23 Pa. Commonwealth Ct. 607, 353 A.2d 61 (1976). Moreover, we believe that it would be absurd to say that a person who carried a petition for nomination door-to-door seeking signatures was more politically

ence political movements or to influence the political action of any officer or employe in the classified service, nor shall he circulate or seek signatures to any nominations or other petition required by any primary or election law, nor shall he seek or accept election, nomination or appointment as an officer of a political club or organization, or serve as a member of a committee of any such club or organization, nor shall he in any manner participate in or interfere with the conduct of any election or the preparation therefor at the polling place or with the election officers while counting the votes or returning the election material to the place provided by law for that purpose, save only for the purpose of making and depositing his own ballot as speedily as it reasonably can be done, nor shall he be within the polling place or within fifty feet thereof, except for the purpose of carrying out official duties and of ordinary travel or residence during the period of time beginning with one hour preceding the opening of the polls for holding such election and ending with the time when the election officers shall have finished counting the votes and have left the polling place for the purpose of depositing the election material in the place provided by law for that purpose, excepting only police officers, who may temporarily approach or enter the polling place in order to make any arrest permitted by law or for the purpose of preserving order and in each case remain only long enough to accomplish the duties aforesaid after which the said officers shall at once withdraw: Provided, however, That the rights of any individual as a citizen are not impaired hereby, and the prerogative to attend meetings, to hear or see any candidate or nominee, nor to express one's individual opinion, shall remain invoiolate.

active than the potential candidate for whom the petition was circulated. We must, therefore, hold that there is substantial evidence to support the Commission's finding that the petitioner violated Section 904 of the Act.[3]

As we have held in a companion case to this one, *Cardamone v. State Civil Service Commission,*[*] Section 906 of the Act[4] leaves the Commission no discretion but to remove a civil service employee from the classified service once it is shown that he or she violated Section 904, so we must now determine whether or not such a mandatory penalty for the conduct here concerned infringes upon the petitioner's first amendment rights more than is necessary to meet the state's legitimate interest in protecting its civil service employees from political pressure.

Section 904 of the Act evidences a clear effort by the General Assembly to balance the Commonwealth's interests against the rights of the individual not only by proscribing political activity but also by expressly providing "[t]hat the rights of any individual as a citizen are not impaired hereby, and the prerogative to attend meetings, to hear or see any candidate or

---

[3] Our scope of review is limited to determining whether or not the Commission's decision violates the law or constitutional rights or whether a necessary finding of fact is not supported by substantial evidence. *Pennsylvania Department of Justice v. Grant*, 22 Pa. Commonwealth Ct. 582, 350 A.2d 878 (1976).

[*] (No. 1049 C.D. 1980, filed April 24, 1981.)

[4] Section 906 provides:

Any person holding a position in the classified service who violates any of the provisions of this act or of the rules made thereunder shall be immediately separated from the service. It shall be the duty of the appointing authority of the State Agency in which the offending person is employed to remove him at once in accordance with the provisions of this act. Any person removed under this section shall for a period of one year be ineligible for reappointment to any position in the classified sevice.

nominee, nor to express one's individual opinion, shall remain inviolate." 71 P.S. §741.904. The petitioner's candidacy for the position of Republican committee-woman clearly goes beyond the personal expression permitted by the Act. Although her attempt to "resign" may demonstrate that she intended no violation of the Act, we must find that the state's interest in separating civil service employees from the political arena extends to the very act of instituting the circulation of such a petition for candidacy. Mandatory removal from the classified service under these facts may seem unfair to the petitioner, but, in the absence of a violation of constitutional rights, it is for the Legislature, not for this Court, to determine what penalties would most effectively fulfill the state's objectives.

We will, therefore, affirm the order of the Commission.

### ORDER

AND Now, this 24th day of April, 1981, the order of the State Civil Service Commission in the above-captioned matter is affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.