539 A.2d 67

Stephen L. Ettinger, Petitioner v. Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Argued December 16, 1987, before President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Mark D. Newberger, Leonard M. Sagot Associates,* for petitioner.

*Janice L. Anderson,* Deputy Attorney General, with her, *Andrew S. Gordon,* Chief Deputy Attorney General, Chief, Litigation Section, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 24, 1988:

Stephen L. Ettinger appeals a Pennsylvania State Civil Service Commission's (Commission) decision removing him from his position at the State Correctional Facility at Graterford, Pennsylvania (Graterford). We affirm.

Ettinger, a casework supervisor at Graterford, worked as a deputy constable at his local polling place each election day from 1979 to 1986. The Commission determined, after a hearing, that those duties violated a provision in Section 904 of the Civil Service Act (Act) prohibiting a state civil service employee's continued presence within fifty feet of the polling place beyond that time necessary to vote (the fifty-feet rule).[1] Accordingly, Ettinger was removed pursuant to Section 906 of the Act,[2] which mandates a civil servant's removal once a violation has been established.

Our scope of review in civil service cases is limited to determining whether an error of law was committed,

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.904.

[2] 71 P.S. §741.906.

constitutional rights were violated, or whether substantial evidence supports the Commission's findings. *Andrejco v. Pennsylvania Public Utility Commission,* 109 Pa. Commonwealth Ct. 389, 531 A.2d 115 (1987).

Ettinger concedes that the performance of his duties caused him to violate the fifty-feet rule.[3] He contends, however, that the mandatory removal penalty violates his rights of freedom of association and speech.[4]

In establishing the fifty-feet rule in Section 904, the legislature has voiced its concern about the continuous presence of civil service employees at the polling place—a site of inherent political influence. In *Vaniscak v. State Civil Service Commission,* 59 Pa. Commonwealth Ct. 16, 428 A.2d 763 (1981), we rejected a similar first amendment challenge to Section 904, recognizing that the state's interest in shielding its civil servants from potential insidious pressures is legitimate. We likewise perceive no constitutional infirmity here.

Ettinger next contends that the Commission should be equitably estopped from removing him, because he sought and received his supervisor's opinion that his performing the deputy constable duties would not violate the Act.

We note that the Commission failed to make a finding as to whether Ettinger was wrongly advised by his supervisor.[5] Regardless of whatever instruction Ettinger received, any reliance thereon was certainly misplaced.

---

[3] N.T., Civil Service Commission hearing, 3/4/86, p. 47.

[4] U.S. CONST. amend. I and PA. CONST. art. I, §7.

[5] Witnesses for Ettinger testified that his supervisor advised him that he would not be in violation of the Act, N.T., 3/4/86, pp. 13, 19, 32. The Commission's witness testified that such a letter was never written and that, in any event, Ettinger's supervisor would have never wrongly advised him. *Id.* at pp. 14, 15.

For estoppel to apply against a Commonwealth agency, as Ettinger suggests, the movant must have relied on that agency's conduct to his or her detriment and that reliance must be reasonable under the circumstances. *Brog Pharmacy v. Department of Public Welfare*, 87 Pa. Commonwealth Ct. 181, 487 A.2d 49 (1985). Moreover, estoppel cannot apply when based on a legal representation. *Gabovitz v. State Automobile Insurance Association*, 362 Pa. Superior Ct. 17, 523 A.2d 403 (1987).

Here, Ettinger essentially sought a legal conclusion from his supervisor, who lacked the authority to counsel him. Ettinger should have contacted the Department of Corrections or the Commission, which were the appropriate authorities in this instance. Although such an inquiry could have been easily made,[6] Ettinger admitted that it never occurred to him to do so.[7] Ettinger cannot shift responsibility to his supervisor for his oversight, because prison officer is "a highly sensitive position which requires those who would hold it to avoid even the appearance of impropriety." *Department of Justice, Bureau of Corrections v. Grant*, 22 Pa. Commonwealth Ct. 582, 586, 350 A.2d 878, 880 (1976).

It is clear that Ettinger violated the fifty-feet rule and, under Section 906 of the Act, discharge is mandatory once a violation of that section has been established. *Vaniscak; Cardamone v. State Civil Service Commission*, 58 Pa. Commonwealth Ct. 637, 428 A.2d 757 (1981).

Accordingly, we affirm.

---

[6] In *Muehleisen v. State Civil Service Commission*, 66 Pa. Commonwealth Ct. 95, 443 A.2d 867 (1982), *aff'd*, 501 Pa. 335, 461 A.2d 615 (1983), a civil servant with doubts as to whether he could seek political office sought the advice of the Commission.

[7] N.T., Civil Service Commission hearing, 3/4/86, pp. 51-52.

ORDER

The order of the State Civil Service Commission, No. 6025 dated September 25, 1986, is affirmed.