DECISION
Before this Court is the appeal of David A. Bastien (plaintiff) from a decision of the Warwick Board of Public Safety (Board). The plaintiff seeks reversal of the Board's decision which denied the plaintiff's request for the Board to review its previous decision denying the plaintiff a non-job related disability pension. Jurisdiction is pursuant to P.L. 1993, ch. 362, section 1 and G.L. 1956 § 42-35-15.
Facts/Travel
The plaintiff worked as a fire fighter for the city of Warwick (City) for thirteen years. In December 1989 the plaintiff resigned from his position. In that same year the city allowed the plaintiff to withdraw his resignation and submit a request for a "medical pension due to stress." During 1989 and 1990, ten physicians examined the plaintiff. After reviewing the reports of these ten physicians, the Board's medical consultant, Dr. Peter Simon, recommended that the plaintiff return to light active duty. On November 13, 1990, the Board ordered the plaintiff to return to light active duty. The Board also gave the plaintiff the option of resigning from his position. The plaintiff decided not to return to work because of his medical condition. The Board, thereafter, terminated the plaintiff for his failure to report to work. Later, the Board rescinded the termination and allowed the plaintiff to resign from his position in order for the plaintiff to receive COBRA health benefits. On December 11, 1990, the plaintiff resigned from his position and asked the city to release his pension funds. On December 14, 1990, the city released the plaintiff's pension funds.
In August 1992, the plaintiff requested the Board to review his previously denied claim (decision of November 13, 1990) for a non-job related disability pension. The Board denied the plaintiff's request for a review of his previously denied claim on December 1, 1992. The Board concluded that under the Board's Rules and Regulations Regarding Disability Pensions, the plaintiff no longer had standing to come before the Board because the plaintiff had removed his pension funds and no longer participated in the pension system.
On December 18, 1992, the plaintiff filed an appeal of the Board's decision not to review its previous denial of the plaintiff's claim for a non-job related disability pension. The plaintiff argues that the Board wrongfully denied his claim for a non-job related disability pension.
Standard of Review
The review of a decision of an Agency by this Court is controlled by R.I.G.L § 42-35-15 (g), which provides for review of a contested agency decision:
 "(g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the agency's decision. Newport Shipyard v. Rhode IslandCommission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (Quoting Caswell v.George Sherman Sand Gravel Co., 120 R.I. 1981, 424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency. Berberian v. Dept.of Employment Security, 414 A.2d 480, 482 (R.I. 1980). This Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Management Council,434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts.Carmody v. R.I. Conflicts of Interests Commission, 509 A.2d at 458. The Superior Court is required to uphold the agency's findings and conclusions if they are supported by competent evidence. Rhode Island Public Telecommunications Authority, etal. v. Rhode Island Labor Relations Board, et al., 650 A.2d 479, 485 (R.I. 1994).
Standing
The Board raises the issue of standing. The Board asserts that the plaintiff has no standing to petition the Board because the plaintiff is no longer a member of the city's pension system.
"The proper inquiry in resolving an issue of standing is whether the party seeking judicial review has suffered an injury in fact, either economic or otherwise, as a result of the statute or action in dispute." Shawmut Bank of Rhode Island v. Costello,643 A.2d 194, 196 (R.I. 1994). The Supreme Court emphasized that "[t]he line is not between a substantial injury and an insubstantial injury. The line is between injury and no injury."Id. at 197.
This court finds that the plaintiff has the requisite standing to request a review of the Board's previous decision. The plaintiff is not presenting a new action. The plaintiff is only asking the Board to reconsider a previous decision made when the plaintiff was a member of the pension system. The plaintiff suffered "injury in fact" in being denied a non-job related medical disability pension, and he may seek to review that decision through a request for reconsideration.
Reconsideration
When the plaintiff requested the Board to review its earlier decision to deny a non-job related medical disability pension, the plaintiff in effect asked for a reconsideration. Administrative tribunals have inherent power to reconsider their decisions. In Re Denisewich, 643 A.2d 1194, 1197 (R.I. 1994). "The decision to grant or deny a request for reconsideration is a matter of administrative discretion and as such will only be reversed for an abuse of discretion." Replogle v. State CivilService Com'n, 657 A.2d 60, 61 (Pa. Cmwlth 1995); See also, In ReDenisewich, 643 A.2d at 1198 ("At such a reconvening, the committee, subject to its discretion, would be in a position to evaluate whether its original determination was proper or was flawed in light of the evidence now made available for its consideration." (Emphasis added)). "[A]n administrative body acting in a quasi-judicial capacity has the right to correct errors in its decisions, even in the absence of provisions for reconsideration, [although] the power of such a board is not one which may be exercised arbitrarily, but only where there is justification and good cause." Schultze v. Montgomery CountyPlanning Board, 185 A.2d 502, 505 (Md. 1962). See also In ReDenisewich, 643 A.2d at 1197 (quoting Handlon v. Town ofBelleville, 71 A.2d 624, 627 (N.J. 1950)) (To deny administrative "[t]ribunals of the authority to correct error and injustice and to revise its judgments for good and sufficient cause would run counter to the public interest.")
"Good and sufficient cause" for reconsideration refers to "changed conditions or other circumstances not present in the [original] proceedings. . . ." Peoples Gas System Inc. v. Mason,187 So.2d 335, 339 (Fla. 1966). For example, new evidence unavailable at the original proceeding can provide grounds for an administrative body to reconsider its earlier decision. SeePerrotti v. Solomon, 657 A.2d 1045, 1048-1049 (R.I. 1995) (retirement board could reconsider its decision as it was unaware of a previous federal mail fraud conviction). Fraud, surprise, mistake or a new factual circumstance not known at the original proceeding may provide grounds for an administrative body to reconsider its decision. See Schultze, 185 A.2d at 505.
In the instant case, the plaintiff has not presented any new evidence or other good and sufficient cause to support his request for the Board to reconsider its previous decision. The plaintiff has simply stated that he has the right to ask the Board to review its decision and he believes that the Board wrongfully denied him a non-job related medical disability pension. The plaintiff does not cite any legal authority which demonstrates that the Board committed a legal mistake. Neither does the plaintiff allege fraud, surprise, mistake or any new factual circumstance not known at the original proceeding.
A mere change of mind will not support a reconsideration of a previous administrative decision. Schultze, 185 A.2d at 505. Public policy supports finality in administrative decisions. InRe Denisewich, 643 A.2d at 1198. The plaintiffs request which essentially asks the Board to "change its mind" on its previous decision does not constitute the requisite good and sufficient cause to warrant the Board reconsidering its previous decision.
The Board may be reversed on its denial of the plaintiff's request for reconsideration only on an abuse of discretion.Replogle, 657 A.2d at 61. "An abuse of discretion is not merely an error of judgment. It is a judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by evidence of record." Morrisons Cove Home v.Dept. of Health, 593 A.2d 925, 932 (Pa. Cmwlth 1991) (citations omitted). A review of the record indicates that the Board did not abuse its discretion in denying the plaintiffs reconsideration request. The record reveals no improper motives for the Board's denial. The Board had substantial evidence, namely, the examinations of ten physicians, to support its original decision.
Therefore upon review of the whole record this court is satisfied that the Board's decision was supported by reliable, probative, and substantial evidence and was not arbitrary and capricious, nor an abuse of discretion. This Court finds that such decision was not in violation of constitutional or statutory provisions. The Board's decision was not made upon unlawful procedure and was not affected by other error of law such that substantial rights of the plaintiff have been prejudiced. Accordingly, the Board's decision which denied the plaintiff's request for review of the Board's previous decision denying the plaintiff a non-job related disability pension is hereby affirmed.
Counsel shall prepare the appropriate judgment for entry.