# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, :
               Petitioner :
                        :
          v. : No. 699 C.D. 2023
                        :
State Civil Service Commission :
(Office of Administration), :
               Respondent : Submitted: July 5, 2024

**OPINION NOT REPORTED**

**MEMORANDUM OPINION**

**PER CURIAM**                             FILED: July 18, 2025

Sean Donahue (Petitioner), an unrepresented litigant, petitions this Court for review of the State Civil Service Commission's (Commission) March 30, 2023 order denying reconsideration of a previous order, which dismissed Petitioner's appeal of a scoring determination by the Office of Administration (OA). Petitioner argues that the Commission failed to grant him a fair hearing and accuses it of being "so blinded by its own prejudice, bias, and ill will that it failed to recognize, acknowledge, and correct" OA's abuse of discretion. Petitioner's Am. Br. at 14 (internal quotation marks omitted).[1] Because Petitioner does not establish that the denial of reconsideration constitutes an abuse of discretion or error of law, we affirm.

## I. Background

On January 10, 2019, Petitioner submitted an application for an open job position that OA had advertised as "Disability Claims Adjudicator Trainee"

---

[1] After his initial Brief was filed, Petitioner sought leave to file an Amended Brief through an unopposed application, which this Court granted in an October 31, 2023 Order.

(DCAT). Reproduced Record (R.R.) at 116a. As part of the application process, Petitioner was asked to complete a supplemental questionnaire. *Id.* at 127a. OA assigned scores to his and other candidates' responses to the questionnaire, and their total raw scores were placed in "Group Scoring" categories: candidates with raw scores between 1 and 7 received a final "earned score" of 65, those with raw scores between 8 and 14 received a final earned score of 80, and those with raw scores between 15 and 27 received a final earned score of 95. Petitioner's Am. Br., App. A-2, Adjudication, Finding of Fact (F.F.) No. 10.

Of particular importance in this matter is examination question number 3, which stated the following:

> Bachelor's Degree in one of the fields: Counseling, Psychology, Sociology, Social Work, Vocational Rehabilitation, Human Services/Health Services Administration, Biology, Child Development, Human Behavior/Development, Organizational Behavior, Special Education, Nursing, English or Communication
>
> Select the "level of education" which best describes your claim.
>
> A. I have a Bachelor's Degree with at least 24 credits (major) in ONE of the fields above.
>
> B. I have a Bachelor's Degree with at least 12 credits but less than 24 credits in the fields above.
>
> C. The two options above do not apply to me.

*Id.*, F.F. No. 5; R.R. at 128a. Candidates who chose option A were given 15 points, while those choosing options B and C were given scores of 2 and 0, respectively. *Id.*, F.F. No. 7. Petitioner chose option C and was therefore awarded zero points for that question. *Id.*, F.F. No. 8. Ultimately, Petitioner's application was given a raw score of 12, which placed him in the rank of candidates receiving a final earned score

2

of 80.  *Id*., F.F. No. 11.  Due to his status as a veteran of the Armed Forces, OA added 10 points to Petitioner's final earned score, resulting in a total score of 90. *Id*., F.F. No. 12.  Because he was still not one of the top scorers, OA rejected Petitioner as a candidate for the open DCAT position.  R.R. at 220a.

On February 7, 2019, Petitioner filed an appeal of OA's determination, alleging that OA "intentionally and maliciously low[]balled" his exam score in order to "undermin[e] the effect of the 10 points" awarded due to his veteran status.  *Id*. at 134a.  Petitioner also accused OA of failing to implement a uniform scoring system, as the scoring system used was "too subjective."  *Id*. at 135a.  Following a series of delays, the causes of which are not apparent from the record, a hearing was held before Commissioner Gregory Lane on October 4, 2022.  Certified Record (C.R.), Item No. 1 (Hr'g Tr.  at 13).  Through an order issued prior to the hearing, the Commission limited its scope to the sole question of whether Petitioner's application was improperly scored on the basis of his veteran status.  *Id*. at 20.

At the October 4, 2022 hearing, counsel representing OA moved *in limine* to exclude any evidence not related to the scoring of Petitioner's exam, citing the limited scope of the hearing.  Hr'g Tr. at 19-20.  OA's counsel explained that it specifically opposed the admission of certain exhibits that Petitioner intended to admit on relevance grounds, including his old exam scores from previous job openings, as well as scores earned by other candidates for the DCAT position.  *Id*. at 20-21.  After hearing Petitioner's offers of proof on both exhibits, Commissioner Lane declined to admit Petitioner's old exam scores but admitted the other candidates' exam scores for the DCAT position.  *Id.* at 62, 76.

Following the discussion of OA's motion *in limine*, Petitioner presented the testimony of Angel Nieves, an OA human resource analyst.  Hr'g Tr. at 224.  Mr.

Nieves explained OA's group-scoring practice and noted that agencies are authorized to assign "the same final earned rating" to a single category of "similarly qualified applicants." *Id.* at 299-300 (citing 4 Pa. Code § 95.46). Asked whether OA employed the "rule of three"[2] or some alternative rule to choose final candidates, Mr. Nieves responded that he was only responsible for evaluating applications and scoring exams and therefore could not explain how the finalists were chosen. *Id.* at 271.

Upon examination of Petitioner's college transcripts, Mr. Nieves acknowledged that Petitioner earned at least 12 credits in the fields listed in question 3, and therefore could have correctly chosen answer B instead of C. Hr'g Tr. at 271-72. However, Mr. Nieves also noted that the choice of answer B would result in a final earned score of 14, which would have placed Petitioner in the same group of candidates, resulting in the same final earned score. *Id.* at 319. Mr. Nieves also acknowledged that OA staff revised several candidates' scores on question 3 after an examination of their college transcripts revealed that they had answered inaccurately. *Id.* at 253. However, Mr. Nieves maintained that Petitioner's raw score would have increased by only 2 points had it been similarly revised, which meant that his final earned score of 80 would remain unchanged. *Id.* at 317-18.

During his own testimony, Petitioner stated that he held two bachelor's degrees. Hr'g Tr. at 213-14. Petitioner acknowledged that neither degree included a major in any of the fields listed in examination question 3 but pointed out that he did earn a total of 24 credits in 3 of those fields (6 in sociology, 12 in biology, and 6 in English). *Id.* at 99-100. Given that OA employees revised the scores of some

---

[2] When an appointing authority employs the rule of three, "the appointing authority is required to choose from among the three highest-ranking available eligibles in filling a particular vacancy and is therefore entitled to have three eligibles from which to choose." 4 Pa. Code § 91.3.

candidates after a review of their college transcripts, Petitioner reasoned, they should have done the same for his score in the interest of fairness. *Id.* at 154-55. Petitioner argued that, had his score been so adjusted, his 24 credits in the 3 named fields would have entitled him to the full 15 points awarded for answer A. *Id.* at 99-100. Since this would have placed him in the candidate group with a final earned score of 95, to which his 10 veteran points would still be added, Petitioner argued that he should have been one of the highest-scoring candidates. *Id.* at 220.

Following the presentation of Petitioner's evidence, counsel for OA moved to dismiss the case for failure to present a *prima facie* case of discrimination. Hr'g Tr. at 348. Commissioner Lane noted the motion but did not grant it, explaining that it was not within the power of a lone commissioner presiding over a hearing. *Id.* In closing remarks, Petitioner maintained that his score was manipulated downward and that OA failed to accord him the veteran's preference to which he is legally entitled. *Id.* at 351-52. Petitioner further argued that veteran's preference law should have been applied at each step of the hiring process, whether or not the "rule of three" was employed. *Id.* at 352-53. Counsel for OA rejoined that Petitioner's case in chief offered "unsupported conjecture" instead of any evidence of harm. *Id.* at 355.

The Commission dismissed Petitioner's appeal and sustained OA's scoring determinations in a March 20, 2023 order. Adjudication at 14. In the accompanying adjudication, the Commission expressed its agreement with OA that Petitioner failed to present a *prima facie* case of discrimination on the basis of veteran status. *Id.* at 12-13. The Commission explained that, to present such a case, a litigant must produce "sufficient evidence that, if believed, indicates that more likely than not discrimination has occurred." *Id.* at 8 (citing *Henderson v. Off. of the Budget*, 560

5

A.2d 859, 863 (Pa. Cmwlth. 1989)). In the Commission's view, Appellant's final score of 90 reflected a proper calculation of his examination score and 10-point veteran bonus. *Id.* at 13. "[E]ven with two additional points," the Commission reasoned, Petitioner's raw score "would still have placed him in the range of those who earned a final earned rating of 80." *Id.* The Commission thus concluded that Petitioner "failed to demonstrate any discrimination with respect to the application of veterans' preference." *Id.*

In a Motion for Reconsideration, submitted via e-mail on March 20, 2023, Petitioner stated the following:

> [Petitioner] RESPECTFULLY applies for reconsideration on the ground[] that he made the Rule of Three. The three top scores were 105, 95, and 90. [Petitioner] specifically asked Mr. Nieves if the agency used a different rule of hiring. Mr. Nieves could not say. Therefore, because the default is the rule of three, the record only shows that the agency used the Rule of Three.
>
> Because 10 veteran[']s points were added to [Petitioner's] score, the Commission's adjudication is in error at [page 13:] [] "However, even with two additional points, his adjusted raw score would still have placed him in the range of those who earned a final earned rating of 80."
>
> [The Commission] failed to address Petitioner's closing argument that, so long as the agency's hiring rule made it to the top three scores, i.e., the Rule of Three, Rule[] of Five, Rule of Seven, etc.[], [Petitioner] had to be interviewed and hired.
>
> In the instant case, [Petitioner's] score of 90 puts him in the Rule of Three. Therefore, he had to be interviewed and hired.

R.R. at 4a. The Commission denied the Motion for Reconsideration in a March 30, 2023 order. Petitioner's Am. Br., App. A-1. This appeal followed.[3]

## II. Issues

On appeal,[4] Petitioner maintains that the Commission showed partiality, bias, and ill will at several points during the October 4, 2022 hearing. In particular, Petitioner explains, the Commission was initially reluctant to admit the evidence of other candidates' exam scores before "finally agree[ing] that the key evidence could be" admitted. *Id.* at 18. Petitioner further argues that, because he was a veteran, he could not have been passed over for the DCAT position "unless another veteran was hired, which is not the case here." *Id.* at 26. Since OA is alleged to have unlawfully discriminated against veterans, Petitioner argues, the Commission erred as a matter of law by declining to address whether OA correctly applied the "rule of three." *Id.* at 25. Petitioner additionally argues that other candidates for the DCAT position saw their scores raised by 15 points even though they did not complete 24 or more credits in any of the fields listed in question 3.

---

[3] Through an April 27, 2023 Petition for Review, Petitioner indicated his intent to appeal from the March 30, 2023 denial of reconsideration as well as the March 20, 2023 order itself. *See Donahue v. Off. Of Admin. (State Civ. Serv. Comm'n)* (Pa. Cmwlth., No. 419 C.D. 2023, filed July 11, 2023), slip op. at 1. OA moved to quash the April 27, 2023 Petition for Review on the ground that it was untimely and that Petitioner had therefore waived all appeal issues. *Id.* We granted OA's motion to the extent that Petitioner sought review of the March 20, 2023 order, explaining that Petitioner "failed to assert any rationale for his late filing" that would warrant *nunc pro tunc* relief. *Id.*, slip op. at 2. In a June 2, 2023 order, however, we also permitted Petitioner "to file a separate petition for review from the March 30, 2023 order, while preserving his April 27, 2023 appeal date, no later than July 3, 2023." *Id.*, slip op. at 1. Petitioner duly filed the instant Petition for Review on July 2, 2023.

[4] We review the Commission's adjudications to determine whether the Commission violated constitutional rights, committed errors of law, or made factual findings unsupported by substantial evidence. *Allegheny Cnty. Dep't of Health v. Wilkerson*, 329 A.3d 111, 117 (Pa. Cmwlth. 2024). In evaluating whether the Commission committed an error of law, our standard of review is *de novo* and our scope of review is plenary. *Id.*

7

### III. Discussion

The decision to grant or deny a request for reconsideration is a matter of administrative discretion and will only be reversed if there has been an abuse of discretion. *Replogle v. State Civil Serv. Comm'n*, 657 A.2d 60, 61 (Pa. Cmwlth. 1995). An abuse of discretion is more than an error of judgment and does not occur merely when the lower tribunal reaches a decision contrary to the decision that the reviewing court would have reached. *Pa. Tpk. Comm'n v. Elec. Transactions Consultants Corp.*, 230 A.3d 548, 560 (Pa. Cmwlth. 2020). Rather, an abuse of discretion occurs only when the judgment is manifestly unreasonable, the law is not applied, or the record shows that the action is a result of partiality, prejudice, bias, or ill will. *Id.*

In this matter, Petitioner filed an administrative appeal of OA's rejection of his candidacy for the DCAT position, alleging that hiring officials intentionally reduced his score in order to "undermin[e]" the points added to his score to his veteran status. R.R. at 134a. At the October 4, 2022 evidentiary hearing, Petitioner presented no evidence to support that allegation but did establish that other candidates' scores were revised upward following a review of their college transcripts. Petitioner's witness, Mr. Nieves, acknowledged that those revisions were improper. Mr. Nieves also testified, however, that a similar review of Petitioner's scores would have resulted in amending his answer to exam question 3 from choice C to choice B, which was only worth two points. Accordingly, the Commission determined that "even with two additional points, [Petitioner's final earned score] would still have placed him in the range of those who earned a final earned rating of 80." Adjudication at 13. The Commission further found that Petitioner "failed to demonstrate any discrimination with respect to the application

of veteran's preference," noting that 10 points were properly added to his final earned score. Thus, the Commission properly denied the administrative appeal.

In his Motion for Reconsideration, Petitioner did not challenge either of the crucially important findings above. Without any citation to legal authority, Petitioner only argued that the "rule of three" would, if properly applied, have placed him among the top three candidates for the DCAT position. R.R. at 4. Since there was no discernible legal or factual basis for Petitioner's assertion, the Commission acted properly within its discretion when it denied reconsideration.

As noted, Petitioner advances numerous arguments in his Brief to this Court to support his contention that the Commission's decision should be overturned. Other than the assertion that Petitioner should have been a top three finalist for the DCAT position, none of these remaining arguments were raised in his Motion for Reconsideration. Pennsylvania Rule of Appellate Procedure 1551(a) provides that a court's review of quasijudicial orders shall hear or consider "[o]nly questions raised before the government unit." Pa.R.A.P. 1551(a).[5] Since those arguments were never properly before the Commission, they cannot serve as a basis for overturning its decision.

## IV. Conclusion

Discerning no error, we affirm the Commission's March 30, 2023 order.

---

[5] We note that none of the three exceptions provided by Pa.R.A.P. 1551(a)(1)-(3) (for questions involving the validity of a statute; those involving the government unit's jurisdiction over the subject matter; and those "that the court is satisfied the petitioner could not by exercise of due diligence have raised before the government unit") is applicable in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                              :
                        Petitioner            :
                                              :
        v.                                    :    No. 699 C.D. 2023
                                              :
State Civil Service Commission                :
(Office of Administration),                   :
                        Respondent            :


**PER CURIAM**                    **O R D E R**


AND NOW, this 18th day of July 2025, the order of the State Civil Service Commission in the above-captioned matter, dated March 30, 2023, is hereby AFFIRMED.