Lewis A. **PERROTTI**

v.

Anthony J. **SOLOMON** et al.

No. 92–507–Appeal.

Supreme Court of Rhode Island.

May 1, 1995

William A. DiMitri, Jr., Providence, for plaintiff.

Lauren Jones, Jones Associates, Providence, for defendants.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by Lewis A. Perrotti (Perrotti) from a Superior Court order denying his petition for a permanent injunction to enjoin the defendants, Anthony J. Solomon (Solomon), the former state General Treasurer and chairman of the Retirement Board of the Employee's Retirement System of the State of Rhode Island (retirement board), and James M. Reilly (Reilly), the former acting director of the Employee's Retirement System of the State of Rhode Island, from conducting a hearing to determine the propriety of his state pension benefits.[1] Perrotti challenges the retirement board's authority to conduct a hearing relative to the propriety of his state pension. He contends that the trial justice's denial of his request for injunctive relief violates his rights to equal protection, and that the trial justice's decision ignores the doctrine of laches which he argues bars the state retirement board from reevaluating his pension. For the reasons set forth below we affirm the Superior Court order. The facts as pertinent to this appeal are as follows.

In March 1983 Perrotti was employed by the State of Rhode Island Department of Transportation (DOT) as chief deputy registrar of motor vehicles. During Perrotti's tenure in that position, he was accused of preparing a phony motor vehicle registration certificate which was mailed to an insurance company to obtain insurance benefits. While the investigation of the allegations was pending, Perrotti was placed on administrative leave by DOT. As a result of the investigation, Perrotti was indicted by both state and federal grand juries on criminal charges. Thereafter, DOT terminated his employment effective June 30, 1983, for gross misconduct in the performance of his official duties and responsibilities. Perrotti filed an appeal from his employment termination to the state

---

1. This action was brought against the state General Treasurer, who sits as chairperson of the retirement board and the director of the state retirement system. At the time Perrotti filed this complaint, Solomon was the General Treasurer and Reilly was the acting director. However, the real party-in-interest is the retirement board.

personnel appeal board pursuant to G.L.1956 (1990 Reenactment) § 36-3-10.

Perrotti was convicted of mail fraud in federal court in November 1983, and was sentenced to serve one year in federal prison. He served this sentence and the state indictment was eventually dismissed in March 1987 pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure. In the meantime, Perrotti's appeal to the personnel appeal board of his dismissal from his position with DOT remained pending. That appeal was settled by a conditional agreement dated July 27, 1989. Under the agreement, Perrotti and DOT agreed that: (1) Perrotti would withdraw his appeal to the personnel appeal board; (2) DOT would rescind Perrotti's termination and Perrotti would instead be placed on leave without pay for the period from June 30, 1983, to July 28, 1989; (3) Perrotti would be allowed to return to state employment for one day in order to take advantage of new retirement legislation; (4) Perrotti would forego any claim for back pay, accrual of vacation time, sick leave, or other benefits; and (5) the agreement would be rescinded if the retirement board determined that Perrotti was not eligible for retirement under the new retirement legislation.

The retirement board awarded Perrotti an annual state pension in the amount of $41,-437.41 as of July 29, 1989. According to the retirement board, at the time Perrotti applied for his pension it was unaware of both his federal conviction and the agreement with DOT. Upon learning of Perrotti's conviction, Reilly notified Perrotti by letter dated December 18, 1991, that his pension payments would be suspended effective January 1, 1992, pending a hearing. Perrotti's pension suspension was premised upon an advisory opinion issued by former Attorney General James O'Neil (O'Neil), in response to an inquiry made by Solomon, which concluded that honorable service was an implicit requirement for eligibility for a state pension, and that the retirement board may conduct a hearing to consider whether Perrotti's pension could be revoked as a result of his federal conviction.

On December 30, 1991, Perrotti filed a complaint in the Superior Court seeking a permanent injunction preventing the retirement board from holding a hearing on his pension. On the same date, O'Neil, in a supplemental advisory opinion to Solomon, opined that a hearing was required before the retirement board could suspend plaintiff's pension. Thereafter, Perrotti was advised that his pension payments would not be suspended and that he would continue to receive his pension pending the outcome of the hearing.

On March 11, 1992, the retirement board voted to conduct a hearing to determine whether Perrotti was entitled to continue receiving his pension, and a hearing was scheduled for June 1, 1992, whereupon Perrotti obtained a stay of the hearing in the Superior Court pending the outcome of the instant case.

The trial justice issued a written decision on July 13, 1992, denying Perrotti's request for a permanent injunction to enjoin the state retirement board from conducting a hearing to determine the validity of his pension and an order was entered on September 16, 1992. At the outset, Perrotti complains that the retirement board has no authority to adjudicate the propriety of his state pension, and even if it does have such authority, it already reviewed his request for a pension and found in his favor. It is Perrotti's contention that only the personnel appeal board has the authority to adjudicate the merits of a suspension or termination of a state employee. The retirement board asserts that it has the authority to determine whether a state employee is eligible for a pension, and if the circumstances require, it may reconsider the question.

In her decision, the trial justice reasoned that pursuant to G.L.1956 (1990 Reenactment) § 36-8-3 the retirement board is endowed with a broad grant of authority over the state retirement system and therefore possesses the authority to conduct hearings to investigate the propriety of Perrotti's state pension.

We find support for the trial justice's decision in § 36-8-3 which provides in relevant part that:

"The general administration and the responsibility for the proper operation of the retirement system and for making effective the provisions of chapters 8 to 10, inclusive, of this title are hereby vested in a retirement board. The retirement board shall, from time to time, establish rules and regulations for the administration and transaction of the business of the retirement system. * * * The retirement board shall also perform such other functions as are required for the execution of said chapters 8 to 10, inclusive."

██ In construing this statute, we are mindful of our responsibility to "determine and effectuate the Legislature's intent and to attribute to the enactment the meaning most consistent with its policies or obvious purposes." *Brennan v. Kirby,* 529 A.2d 633, 637 (R.I.1987); *Gryguc v. Bendick,* 510 A.2d 937, 939 (R.I.1986). We will not "interpret a legislative enactment literally when to do so would produce a result at odds with its legislative intent." *Kirby v. Planning Board of Review of Middletown,* 634 A.2d 285, 290 (R.I.1993).

██ With these principles in mind we now turn to the statute in question. In enacting § 36–8–3, the General Assembly has endowed the retirement board with the authority to "administer" and "operate" the retirement system. The retirement board also possesses the power to "establish rules and regulations" for the administration and transaction of the retirement system and may "perform other such functions as are required" for the administration of the retirement system. We believe this language is sufficiently broad so as to include the retirement board's administrative authority to determine pension eligibility. We therefore accept the trial justice's interpretation of the statute which we conclude effectuates its legislative intent.

We find Perrotti's assertion that only the personnel appeal board has the power to conduct a hearing for the purpose of determining whether an employee's service is honorable to be misplaced. Although Perrotti correctly states that the personnel appeal board has statutory jurisdiction to hear appeals brought by state employees from ad-

verse employment actions pursuant to § 36–3–10, it does not possess the authority to determine an employee's eligibility for state pension benefits as suggested by Perrotti's argument. The General Assembly has not given the personnel appeal board any jurisdiction over the determination of state pension eligibility. In our opinion the retirement board possesses that authority in the instant case. We therefore reject Perrotti's argument.

Perrotti next argues that even if the retirement board possesses the authority to determine pension eligibility, it has already considered his application and granted him a pension. Thus, Perrotti contends, the retirement board cannot now convene to reconsider it. The retirement board counters that its power of inquiry is not limited to the original decision to grant a pension but may also be invoked to reconsider a pension already granted.

We rejected a similar argument to that being pursued by Perrotti in *In re Denisewich,* 643 A.2d 1194 (R.I.1994). In that case we held that a hearing committee convened pursuant to the Law Enforcement Officers' Bill of Rights had the inherent power to reconsider its prior decision in light of newly discovered evidence. *Id.* at 1198. Generally, it has been held that administrative tribunals endowed with quasi-judicial powers have the inherent power to reconsider their judicial acts. *Id.* at 1197. Thus, unless specifically prohibited by the enabling statute, "the power to render a decision in the first instance embodies the power to reconsider that decision." *Id.* A "denial to such tribunals of the authority to correct error and in justice and to revise its judgments for good and sufficient cause would run counter to the public interest." *Id.* (quoting *Handlon v. Town of Belleville,* 4 N.J. 99, 107, 71 A.2d 624, 627 (1950)).

██ By analogy, we believe that the application of the principles articulated above permits the retirement board to reconsider Perrotti's pension. Here, the retirement board alleges that it was unaware of Perrotti's federal mail fraud conviction at the time it considered his pension request in 1989. We are

therefore of the opinion that the retirement board has the authority, and indeed the obligation, to convene to reconsider Perrotti's pension in view of the evidence of his employment-related federal conviction in order to determine whether its original decision was proper.

We disagree with Perrotti's contention that once an individual is awarded a pension it is not subject to review. In *Smith v. The Retirement Board of the Employees' Retirement System of the State of Rhode Island,* 656 A.2d 186 (R.I.1995), this court held that the Public Employee Pension Revocation and Reduction Act (PEPRRA), G.L.1956 (1990 Reenactment) chapter 10.1 of title 36, as enacted by P.L.1992, ch. 306, art. 1, § 8 (effective January 1, 1993) governs the revocation or reduction of pensions after the effective date of the Act. *Smith,* at 190. Because the events in question in the instant case predated PEPRRA, we must apply this court's prior holding: "Although pension rights are to vest once the requirements of the pension statute are met, such vesting is subject to divestment for actions committed during tenure in office, whether found out while in office or later, or later conduct, depending on its ramifications." *In the Matter of Almeida,* 611 A.2d 1375, 1386 (R.I. 1992). In holding that honorable service is a necessary prerequisite for the vesting of pension rights, we stated in *Almeida* that "pension benefits cannot vest indefeasibly upon merely winning the 'headlong race' to the retirement date." *Id.* at 1387. Accordingly, we reject Perrotti's contention that his pension is beyond review simply because it was awarded before his job-related federal conviction was allegedly discovered by the retirement board.

Perrotti next argues that the retirement board's proposed review of his pension violates his rights to equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution and art. 1, sec. 2, of the Rhode Island Constitution. It is Perrotti's contention that he is being treated differently from other retirees similarly situated because the retirement board now seeks to review his pension. The retirement board contends that Perrotti's equal protec-

tion claim is not ripe for this court's consideration since it has not taken any action with regard to the revocation of his pension. Further, the retirement board argues that no violation of equal protection would result if it conducted a hearing to investigate the award of his pension because its purpose is to determine whether the honorable service prerequisite set forth in *Almeida, supra,* has been satisfied.

 We shall assume for the purposes of this discussion that Perrotti's equal protection challenge is ripe for this court's consideration. The Fourteenth Amendment to the United States Constitution and art. 1, sec. 2, of the Rhode Island Constitution guarantee to every individual equal protection of the laws. Generally, it proscribes governmental action which treats one class of people less favorably than others similarly situated. *Yick Wo v. Hopkins,* 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). An equal protection violation may be established by showing that an impermissible classification has occurred. *Felice v. Rhode Island Board of Elections,* 781 F.Supp. 100, 105 (D.R.I.1991). "However, the Fourteenth Amendment does not require perfectly equal treatment for every individual." *Id.*

In the instant case, Perrotti does not claim that he has been impermissibly classified, nor does he attack the constitutionality of any statute on its face. Rather, he is specifically challenging the retirement board's review of his pension. Perrotti has failed to allege any grounds which would constitute an equal protection violation. Accordingly, we reject his constitutional challenge to the retirement board's review of his pension.

 With respect to Perrotti's claim that the trial justice erred in failing to find that the doctrine of laches bars the retirement board from reviewing his pension, we find this argument cannot now be brought before us. It is well settled that matters not brought to the trial justice's attention will not be reviewed on appeal. *State v. Tempest,* 651 A.2d 1198, 1216 (R.I.1995) (citing *632 Metacom Associates v. Pub Dennis of Warren Inc.,* 591 A.2d 379, 381 (R.I.1991)). We find no such trial presentation in this case.

Accordingly, we shall not address the merits of Perrotti's final assertion of error.

Consequently, Perrotti's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of this case are remanded to the Superior Court.