DECISION
This matter comes before the Court on Charles Mulcahy's (Plaintiff) appeal of the final decision of a hearing committee (committee) convened pursuant to the Law Enforcement Officers' Bill of Rights, G.L. 1956 (1993 Reenactment chapter 28.6 of title 42) The committee found plaintiff guilty of one count of behavior unbecoming an officer. This Court now affirms the committee's decision.
 Facts/Travel
On December 22, 1994, the plaintiff was placed on Emergency Administrative Leave pending receipt of a psychological evaluation indicating that plaintiff was fit to perform the necessary duties of a police officer. The plaintiff failed to appear for the scheduled evaluation on December 28, 1995 prompting Alton H. Conn (Conn), Chief of Police of the Tiverton Police Department, to issue complaint charging the plaintiff with one count of Conduct Unbecoming an Officer.
On or about January 13, 1995, the plaintiff requested a hearing pursuant to the Law Enforcement Officers Bill of Rights.[1] The hearing was conducted on April 6, 1998,
a hearing as provided by R.I.G.L. § 42-28.6-4. On April 29, a decision was rendered and the following penalty assessed:
 (a) Thirty (30) working days suspension without pay from May 1 to June 1, 1995;
 (b) Six months probation without the rights and privileges of a permanent police officer from June 1 to December 1, 1995;
 (c) During the probation period, the [plaintiff] is precluded from being Officer-in-Charge of any shift or detail.
The plaintiff then petitioned this Court for de novo hearing on the charges alleged in the complaint of January 6, 1995 grounding his appeal in four primary arguments
 Standard of Review
Under the Officers' Bill of Rights, an officer facing departmental charges may request a hearing before a hearing committee composed of three active law enforcement officers. Inre Denisewich, 643 A.2d 1194, 1197 (R.I 1994) citing GL 1956 §§ 42-28.6-1, 42-28.6-4. The hearing committee is endowed with the authority to hold a hearing and "to sustain, modify in whole or in part, or reverse the complaint or charges" filed against a law enforcement officer. In re Denisewich, 643 A.2d at 1197 citing G.L. 1956 § 42-28.6-11 (a)
If an officer is aggrieved by a decision of the hearing committee, the officer may seek review by appeal to the Superior Court. Rhode Island General Law § 42-20-2.2 directs the Court to conduct a de novo review of the hearing committee's decision, to determine the facts a new and to decide what, if any, penalty shall be imposed In re Denisewich, 643 A.2d at 1197 citingKurbiec v. Bastien, 428 A.2d 303, 305 (R.I. 1981). The Court lacks the authority to remand a case to the hearing committee or to order a hearing committee to reconvene, reopen, or reconsider a prior decision. In re Denisewich 643 A.2d at 1197.
I "The failure of the Department to inform the appellantof all complainants and witnesses pursuant to R.I.G.L.42-28.6-2(e). thus violating R.I.G.L. 42-35-15 (g)(1)(2) and (3)."
The plaintiffs first argument stems from his objection to the Committee's allowance of testimony from Paul Northup, Town Administrator. The plaintiff objected at the time of hearing to Mr. Northup's presence as a witness because plaintiff claimed that he was not made aware that the defendant intended to call this particular individual. In support of his position, the plaintiff argues that G.L. § 42-28.6-2 (e) places upon the Department an affirmative duty to inform the officer under investigation of the names of all complainants and witnesses.[2] The plaintiff maintains that the Committee erred in interpreting this statute to apply only to "interrogations" and not hearings. Noting that the "purpose of the Law Enforcement Officers' Bill of Rights is to protect the officer" the plaintiff claims that "allow[ing] for surprise witnesses would contradict this intent."
The defendant simply argues that plaintiff's reliance on this particular statutory section is misplaced because it in fact addresses conduct required before the interrogation of an officer, not before a formal hearing. The defendant buttresses it's objection by citing the fact that "the amended sections42-28.6-5 (c) and (d) provide a timetable for the exchange of discovery information prior to hearing. Newly adopted 42-28.6-5
(e) provides for the exclusion from the hearing of testimony or evidence not timely disclosed." While not in effect at the time of this hearing, the new amendments highlight the intended distinction between interrogation and hearings with respect to discovery and disclosure.
This Court finds that the issue has in fact already been resolved by our Supreme Court's decision In re Denisewich,643 A.2d 1194 (R.I. 1994). In Denisewich, the Court clearly states that "42-28.6-2 . . . clearly applies to an investigation of alleged infractions and not to the actual hearing on the charges." Id at 1198. This language is clear and dispositive of the present issue.
II. "The failure of the Committee to properly recognizeArruda as a witness, rather than an Assistant to Counsel, and theconcomitant prejudice of the Committee's refusal to sequesterArruda, thus violating R.I.G.L. 42-35-15 (g)(3)."
Plaintiff's second argument warrants no substantive analysis or discussion because the Committee's failure to sequester Lieutenant George Arruda after he testified clearly did not prejudice the plaintiff. The record indicates that the plaintiff did not request that witnesses be sequestered before they testified. In fact, his objection to Lt. Arruda's presence at counsel table was not raised until substantially later in the proceedings, well after Lt. Arruda's testimony. The plaintiffs argument might have been valid had Lt. Arruda testified, remained at counsel table in order to hear other witness accounts and then testified again at a later time. However, the mere fact that Lt. Arruda remained a potential witness from whom further testimony might have been elicited in no way tarnished the integrity of the Committee's hearing.
III. "The erroneous conclusion by the Committee thatPacheco could not testify that Conn received the Appellant'sletter of December 23, 1994, in time, thus violating R.I.G.L.42-35-15 (g)(5)."
The plaintiff alleges that on December 24, 1994, he hand delivered a letter to Chief Conn's internal mailbox via Sergeant Robert Pacheco. At the hearing, Sergeant Pacheco testified that "the letter was placed in the `Chief box' (transcript at 142) which is a `customary' and `usual' way of corresponding with Corm if he is not in the department." (Appellant brief at 4). Chief Conn further testified that he received and read the letter before December 28, 1994, the scheduled date of plaintiff's psychological evaluation.
One of the findings articulated by the Committee in their final decision is that "Sergeant Pacheco could not testify that Chief Conn received the letter in time." The plaintiff argues that this finding is inaccurate and prejudicial given the aforementioned testimony regarding delivery and receipt of the letter.
Sergeant Pacheco testified to that which he had personal knowledge — the delivery of plaintiff's letter to Chief Conn's mailbox. The Court finds that the Committee's statement regarding the extent of Sergeant Pacheco's testimony is accurate and contains no error
IV. "The Committee's punishment, examining the transcriptin light most favorable the Department, is an abuse of discretion,thus violating R.I.G.L. 42-35-15 (g)(6)."
The hearing committee that reviewed the departmental charges against the plaintiff was formed pursuant to the Law Enforcement Officers' Bill of Rights G.L. 1956 § 42-28.6. "The Law Enforcement Officers' Bill of Rights, enacted in 1976, is the exclusive remedy for permanently appointed law-enforcement officers who are under investigation by a law-enforcement agency for any reason that could lead to disciplinary action, demotion, or dismissal." Banks v. Bowen's Landing Corp., 652 A.2d 460 (R.I. 1995) quoting Lynch v. King, 120 R.I. 868, 870 n. 1,391 A.2d 117, 119 n. 1 (1978); City of East Providence v. McLaughlin593 A.2d 1345, 1348 (R.I. 1991). Endowed with broad powers of investigation by the General Assembly, the committee is not bound by the recommendations of the charging authority but may call witnesses, make findings of fact, and sustain, modify, or reverse the charges of the investigatory authority. McLaughlin 593 A.2d at 1348.
In reviewing the committee's decision, this Court will neither weigh the evidence nor make findings of fact; instead the Court will examine the extensive record to determine whether some competent evidence exists to support the committee's decision.Lantini v. Daniels, 104 R.I. 572, 574, 247 A.2d 298, 299 (1968);Hooper v. Goldstein, 104 R.I. 32, 43, 241 A.2d 809, 814-15 (1968).
It is clear to this Court that the Committee acted with extreme generosity and restraint in imposing the aforementioned sanctions.[3] The record illustrates that this plaintiff was given a direct order to attend a pre-scheduled appointment for a psychiatric evaluation.[4] The Rules and Regulations, given to each officer,[5] clearly state that "an order is a command or instruction, written or oral given by a superior officer. All lawful orders, written or oral, shall be carried out fully and in the manner prescribed." Section F subsection 20 states "every member of the Department shall promptly obey, without reservation the regulations of the department and all lawful orders of a superior officer." Subsection 9 in the same section states "any member shall submit to a physical or psychological examination atany time, at the expense of the Department, when so ordered by the Chief of Police.
This plaintiff was given a direct order as clearly evidenced by the Chiefs letter which states "you are ordered to report. . . ." Compliance with said order is not optional. This Chief's failure to compel compliance would undoubtedly undermine the authority, integrity and effectiveness of the department.
Accordingly, this Court affirms the Committee's decision, finding no evidence of abuse of discretion or actions exceeding its authority. The parties shall prepare and submit an appropriate judgment.
[1] On January 13 and 16 the plaintiff under went the psychological evaluation.
[2] R.I.G L. § 42-28 6-2 (e) provides in pertinent part that "the law enforcement officer under investigation shall be informed in writing of the nature of the complaint prior to any interrogation, and the names of all complainants and witnesses."
[3] The transcript documents that Chief Conn's made the following recommendation regarding plaintiff's discipline:
 "I recommended that he be dismissed from the Tiverton Police Department. . . . It is my belief that Officer Mulcahy has been a police officer for almost eight years. That he has been a problem employee for that entire time, and that based upon his past disciplinary actions against him, based upon his emotional . . . backgrounds and his job performance statistics . . . I felt it was proper to dismiss him from the police department at this time."
(Transcript at 84)
[4] The transcript contains the following testimony during the examination of Chief Conn:
 "I specifically told Lieutenant Arruda to read the letter to Officer Mulcahy so there would be no doubt in anyone's mind what the order was and what the contents of the letter were.
 Q: Did you consider this just a request of Officer Mulcahy?
 A: Oh, no. This wasn't a request. This was an order. This wasn't a request at all."
(Transcript at 80).
[5] Page 2 of the Rules and Regulations is entitled RECEIPT and contains the following language: "Members of the Tiverton Police Department shall subscribe their names to the following agreement: I hereby acknowledge receipt of a copy of the Rules and Regulations for the government of the Police Department of the Town of Tiverton." The plaintiff alludes to his not being familiar with the Rules and Regulations, not having read them since he was hired eight years ago. The expectations, procedures and consequences in the case of direct orders are clear in the language of this document and in not remaining abreast of these regulations, the plaintiff did so at his own peril.