**Leno FERREIRA et al.**

v.

**INTEGON NATIONAL
INSURANCE CO.**

No. 2001–254–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 2002.

Robert J. Ameen, Pawtucket, for Plaintiff.

R. Kelly Sheridan, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

When a party is added as a named insured to a policy that does not provide uninsured motorist (UM) coverage, is the insurer required to obtain a written rejection of UM coverage from the new insured, in accordance with G.L.1956 § 27–7–2.1(a), or is the insurer required only to notify the insured of the existence of UM coverage, in accordance with subsection (d) of § 27–7–2.1? The plaintiff, Leno Ferreira, who was the added insured in this case, appealed a summary judgment in favor of the defendant, Integon National Insurance Co., in his suit to reform his automobile insurance policy to include UM coverage. The plaintiff argued that the motion justice erred in finding that § 27–7–2.1 did not require the defendant to obtain a written rejection of UM coverage from the plaintiff at the time he was added as an insured to an insurance policy that did not provide UM coverage.

The plaintiff was insured by defendant under a policy that was originally issued in May 1995 to Natalia Lopes (Lopes), whom plaintiff later married. When defendant initially issued the policy to Lopes, it made UM coverage available to her in accordance with § 27–7–2.1(a), which allows a named insured who purchases the minimum coverage for bodily injury liability to decline any uninsured motorist coverage, "but only after signing an advisory notice approved by the director of business regulation concerning the hazard of uninsured and underinsured motorists." Lopes declined the UM coverage by executing a rejection notice and warning form, in accordance with the manner of rejection required by law. In November 1996, plaintiff became an additional named insured on the policy. At that time, pursuant to § 27–7–2.1(d), defendant sent a notice to both plaintiff and Lopes, advising them of the availability of UM coverage, and defendant also so advised them at the annual renewals of the policy. At no time thereafter did either plaintiff or Lopes seek or obtain UM coverage. On June 25, 1999, plaintiff was injured in an automobile accident with an uninsured driver.

The plaintiff and Lopes filed a complaint seeking, *inter alia,* a declaration that the insurance policy should be reformed to include UM coverage for plaintiff. Thereafter, they filed a motion for a partial summary judgment on their claim for a declaratory judgment, and defendant also filed a motion for summary judgment. The plaintiff and Lopes argued that when plaintiff was added to Lopes's policy as a named insured, defendant was required to grant him UM coverage in accordance with § 27–7–2.1(a), because defendant never received from plaintiff a written rejection of UM coverage. Therefore, plaintiff and Lopes argued, their insurance policy should be reformed to include UM coverage.

In contrast, defendant argued that only when policies are initially issued does § 27–7–2.1(a) require an insurer to provide UM coverage if it does not receive the signed rejection notice and warning form. When additional insureds are added to a policy, defendant claimed, the insurer's sole obligation is to issue written notice of the availability and desirability of UM coverage, in accordance with § 27–7–2.1(d).

The hearing justice denied plaintiff and Lopes's motion for summary judgment and granted defendant's motion. She found that the language of § 27–7–2.1 was clear and concluded that a written rejection is required only at the time a policy is originally issued or delivered. The plaintiff appealed both judgments; Lopes did not join in the appeal.[1]

The plaintiff has argued that in light of the strong public policy in favor of UM coverage, coupled with the clear statutory language of § 27–7–2.1, the trial judge erred in granting summary judgment in favor of defendant and in denying his motion for summary judgment. The plaintiff also asserted that even if the language contained in § 27–7–2.1 creates an ambiguity over whether an added named insured must sign off on the statutory advisory notice, such ambiguity should be construed in his favor and against the insurer.

■ This Court generally will not review a denial of a motion for summary judgment, and, in any case, would do so only by certiorari. *Boucher v. McGovern,* 639 A.2d 1369, 1373 (R.I.1994). Thus, we will not consider plaintiff's appeal of the denial of his motion for summary judgment, given his failure to file a petition for certiorari. The sole question before us, then, is whether the hearing justice erred in granting defendant's motion for summary judgment. We review such decisions *de novo,* applying the same rules and standards as the hearing justice. *Roe v. Gelineau,* 794 A.2d 476, 481 (R.I.2002). Thus, we shall affirm a grant of summary judgment "only when, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact remains to be decided, and the moving party

is entitled to judgment as a matter of law." *Id.*

■ The issue presented by this case requires examination of § 27–7–2.1. When construing a statute, our "task is to establish and effectuate the intent of the Legislature." *R & R Associates v. City of Providence Water Supply Board,* 765 A.2d 432, 436 (R.I.2001) (quoting *Cardarelli v. DET Board of Review,* 674 A.2d 398, 400 (R.I. 1996)). If a statutory provision is clear and·unambiguous, "there is no room for statutory construction and we must apply the statute as written." *Cummings v. Shorey,* 761 A.2d 680, 684 (R.I.2000) (quoting *In re Denisewich,* 643 A.2d 1194, 1197 (R.I.1994)). In reviewing such a statute, we "must give the words of the statute their plain and ordinary meanings." *Id.* (quoting *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1226 (R.I.1996)). If, instead, we discern a statutory ambiguity, we shall examine the entire statute to ascertain the "legislative intent behind the enactment." *State v. Fritz,* 801 A.2d 679, 682 (R.I.2002).

■ Section 27–7–2.1(a) provides in pertinent part:

"No policy * * * shall be delivered or issued for delivery in this state with respect to any motor vehicle * * * unless coverage is provided * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *. The insurer shall provide uninsured motorist coverage in an amount equal to the insured's bodily injury liability limits. However, the named insured shall have the option of selecting a limit in writing less than the bodily injury liability coverage, but in no event less than the limits set forth in § 31–37–7 or § 31–32–

---

**1.** The plaintiff and Lopes have settled their    claims against defendant Henry Allard.

24, unless the named insured is purchasing only the minimum coverage required by compulsory insurance provisions of the general laws, in which case the limit can be reduced to zero, but only after signing an advisory notice approved by the director of business regulation concerning the hazard of uninsured and underinsured motorists."

Section 27–7–2.1(d) provides in pertinent part:

"After the selection of limits by the named insured * * * the insurer or any affiliated insurer shall be required *to notify* the policyholder, in any renewal, reinstatement, substitute, amended, altered, modified, transfer, or replacement policy, as to the availability of that coverage or optional limits." (Emphasis added.)

Subsection (d) of § 27–7–2.1 requires an insurer to notify the policyholder(s) of the availability of UM coverage, a duty that was carried out by defendant at the time plaintiff was added to the policy. There is no requirement for a written rejection. Thus, if the addition of plaintiff to the policy was a transaction covered by § 27–7–2.1(d), defendant need not have provided automatic UM coverage, and the motion justice was correct to grant defendant's summary judgment motion.

■ The motion justice found that the plain reading of § 27–7–2.1(a) requires that an insurer obtain a signed rejection of UM coverage only at the time an insurance policy is initially issued or delivered, given that the Legislature could have required that subsection (a) apply also when the events listed in § 27–7–2.1(d) occurred, such as an amendment, modification, or renewal. We agree, especially in light of our previous holding that § 27–7–2.1 does not address the question of who is covered on a particular insurance policy; that question is determined purely by the terms of the policy. *Malo v. Aetna Casualty and Surety Co.,* 459 A.2d 954, 956–57 (R.I.1983). In the case before us, the addition of plaintiff to the policy changed the policy's terms, but did not represent the new issue or delivery of a policy. The addition of plaintiff's name, then, was a transaction contemplated by § 27–7–2.1(d), and was not subject to the provisions of § 27–7–2.1(a). Any change in these clear statutory provisions that would impose this arguably onerous burden on insurers should be made by duly enacted legislation.

Accordingly, we affirm the summary judgment in favor of the defendant, deny the plaintiff's appeal, and remand the papers in the case to the Superior Court.