DECISION
Before this Court is a Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Hearing filed by John Doe ("Doe" or "Plaintiff"). The Providence Police Department and David Cicilline ("City" or "Defendants" or "Department") object to this motion. For the reasons discussed herein, this Court denies the Plaintiff's motion.
 I Facts and Travel
John Doe is a Providence Police Officer. On November 3, 2009, the Department informed Doe that it was investigating him for allegedly committing eight violations of the Department's rules and regulations regarding conduct, courtesy, and truthfulness. On November 29, 2009, the defendant conducted a Garrity
interview of the Plaintiff in order to further investigate the matter.
On August 31, 2010, the Department issued twelve separate Disciplinary Action decisions. Each decision referenced the Law Enforcement Officer's Bill of Rights ["LEOBOR"] Summary Process statute G.L. 1956 § 42-28.6-13(b) and issued a *Page 2 
suspension of either one or two days, along with the specific date that the suspension was to be served. Together, the suspensions amounted to twenty-one days. Doe was permitted to return to work October 3, 2010.
In his motion, Doe asked this court to issue an order
 "1)Halting the suspension of Patrolman Doe, and returning him to full duty immediately; 2) Declaring the defendants practice and use of the "summary punishment" procedure, as it has been done here, illegal and in violation of the LEOBOR; 3) Permanently enjoin[ing] the defendant from using "summary punishment," § 42-28.6-13(b), as a means for suspending Patrol Officers for more than two consecutive days; 4) Permanently enjoin[ing] the defendant from splitting charges from a single incident, as has been done here, and then using "summary punishment," § 42-28.6-13(b), to issue suspensions for each alleged charge, as a means for suspending Patrol Officers for more than two consecutive days; 5) Any and all further relief as this Court deems meet [sic] and just."
This Court heard oral arguments with respect to this motion on Monday, September 27 and Thursday, October 21, 2010.
 II LEOBOR
The LEOBOR requires that an "investigation or interrogation of a law enforcement officer [that] results in the recommendation of some action . . . which would be considered a punitive measure" be accompanied by "notice to the law enforcement officer that he or she is entitled to a hearing on the issues by a hearing committee." Sec. 42-28.6-4. An exception to this hearing requirement exists for "[s]ummary punishment of two (2) days' suspension without pay . . . for minor violations of departmental rules and regulations." Sec. 42-28.6-13(b). *Page 3 
 III Mootness
Because Doe's suspension ended October 3, 2010, Plaintiff's Motion for Temporary Restraining Order is moot. Nevertheless, our Supreme Court has held that Rhode Island Courts will not "adjudicate a moot case unless the issues raised are of extreme public importance, which are capable of repetition but which evade review."Cicilline v. Almond, 809 A.2d 1101, 1106 (R.I. 2002) (quotingSullivan v. Chafee, 703 A.2d 748, 752 (R.I. 1997)). Our Supreme Court has explained that "cases demonstrating extreme public importance are usually matters that relate to important constitutional rights, matters concerning a person'slivelihood, or matters considering citizen voting rights." Associated Builders and Contractors of Rhode Island,Inc., et al. v. City of Providence,754 A.2d 89, 91 (R.I. 2000) (emphasis added). The instant case concerns John Doe's employment as a police officer and therefore his livelihood. The short nature of the "Summary Punishment" suspensions could allow the City to repeat similar actions in a manner which evades the review of this Court. Therefore, this Court will adjudicate this case despite its mootness.
 IV John Doe's Requests A Halt the Suspension
Doe has asked this Court to halt his twenty-one day suspension. This suspension, however, ended on October 3, 2010. Although this Court may rule upon moot causes of action for potential future repetition, this Court cannot halt a suspension that was completed months ago. *Page 4 
 B Declare Procedure Illegal
Doe's Motion next asks this Court to declare the Department's use of the Summary Punishment procedure illegal and in violation of LEOBOR. In other words, the Plaintiff has asked the Court for a judgment declaring that the use of the one and two-day suspensions is illegal.
The Rhode Island Supreme Court has held that "a hearing committee under the [Law Enforcement] Officers' Bill of Rights possesses quasi-judicial authority similar to that exercised by state agencies under the Administrative Procedures Act" despite the fact that such a committee is not a state agency as defined in the Administrative Procedures Act. In re Denieswich,643 A.2d 1194, 1197 (R.I. 1994). The Denieswich Court explained that "[t]he clear purpose behind the requirement that hearing committee members be `active law enforcement officers' is to afford protection to those charged with departmental violations by ensuring that the hearing committee is composed ofindividuals who are familiar with departmental practices andprocedures during the appropriate time frame." Id. (quotingCoalition of Black Leadership v. Cianci,570 F.2d 12, 14 (D.R.I. 1978) (emphasis added). In other words, the Rhode Island Supreme Court has recognized that police procedure, enforcement, and penalties are within the expertise of active law enforcement officers. When the meaning of a statute is unclear, this Court "will defer to the interpretation given by the agency charged with administering the statute, unless the agency's interpretation is unreasonable in light of the prevailing law, inconsistent with the statute or plainly erroneous."DCX v. District of Columbia Taxicab Commission,705 A.2d 1096 (D.C. 1998). *Page 5 
In the instant matter, the LEOBOR statute does not specifically provide that consecutive "summary punishment" penalties are punitive. In the context of so-called accumulated penalties, the Rhode Island Superior Court (Rogers, P.J.) has held that "[b]ecause the statute [creating LEOBOR] is silent on whether accumulated penalties are punitive, it is for the Legislature and not for this Court to decree that a hearing is required." InternationalBrotherhood of Police Officers, Local 369 v. Town of BurrillvillePolice Department, 2001 WL 1685593 (R.I. Super. Ct. 2002). This Court does not disagree. The plaintiff in Town ofBurrillville had been suspended one day for each day he violated the town's policy that police officers live in Burrillville. Similarly, John Doe has received several small suspensions for various discrete infractions — each of which amounted to two days or less and, thus, fell within the exception to LEOBOR's hearing requirement.
Significantly, the actions of the Department fail to reach the threshold of "unreasonable in light of the prevailing law, inconsistent with the statute or plainly erroneous" necessary for a court to overturn the decision of an administrative agency. This Court will not substitute its opinion for that of the administrative agency without a clear finding of abuse of discretion. Therefore, this Court declines to issue a judgment declaring the Department's use of Summary Punishment illegal in this situation.
 C Permanently Enjoin Procedure
For the same reasons that the Court declines declaring the Department's use of Summary Punishment illegal, the Court declines to enjoin the Department from using Summary Punishment as a means for suspending Patrol Officers for more than two consecutive days. Again, the LEOBOR does not deem cumulative suspensions to be *Page 6 
punitive. This Court will therefore not issue an injunction forbidding the Department from using Summary Punishment to suspend employees for more than two consecutive days when the suspension stems from multiple one and two-day suspensions.
 D Permanently Enjoin Splitting Charges
Additionally, the Plaintiff has asked this Court to permanently enjoin the Department from splitting charges from a single incident into smaller charges in order to avoid a LEOBOR hearing. This Court denies this request because the Court disagrees with Doe's claim that the department split a single incident into multiple incidents.
Doe served twelve separate one or two-day suspensions. Eight of these suspensions were for improper comments or improper conduct. Four of the suspensions were for Doe's failure to be truthful when answering questions pertaining to his improper comments and behavior. The eight suspensions for comments and conduct clearly come from eight distinct instances of impropriety. Failing to tell the truth is a distinct violation of the Department's Rules and Regulations. Furthermore, a false statement regarding an action is recognized by courts as an incident distinct from the underlying action itself. See, e.g., 18 U.S.C. § 1001. Therefore, Doe's twelve suspensions arose from twelve different violations of the Department's Rules and Regulations. The Plaintiff's request for injunction is, therefore, denied.
 III Conclusion
For the reasons stated herein, the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied. Doe has failed to show a likelihood of *Page 7 
success on the merits of his claim. Counsel shall submit the appropriate orders for judgment.