STATE

v.

Carl J. WHITE.

No. 2010–360–C.A.

Supreme Court of Rhode Island.

Jan. 27, 2012.

Aaron L. Weisman.

Janice M. Weisfeld.

### ORDER

On December 6, 2011, the parties appeared before the Supreme Court pursuant to an order directing them to appear and show cause why the issues raised in this appeal should not summarily be decided. The defendant, Carl J. White (defendant or White), appeals from the denial of his motion to quash and vacate a determination of a violation of a deferred sentence. Having carefully reviewed the memoranda submitted by the parties and the argu-

---

ments of counsel, we are satisfied that cause has not been shown; thus, the appeal may be decided at this time. We affirm the Superior Court's denial of the defendant's motion.

On December 6, 2004, defendant entered a plea of *nolo contendere* to a charge of possession of child pornography, and his sentence was deferred in accordance with G.L.1956 § 12–19–19.[1] On September 27, 2006, state police officers searched defendant's home after defendant's probation officer reported that he had observed inappropriate images of children on defendant's computer; the police seized defendant's computer. In Superior Court, on January 26, 2007, defendant was presented as an alleged violator of his deferred sentence in accordance with Rule 32(f) of the Superior Court Rules of Criminal Procedure.

A criminal information emanating from the September 2006 discovery of child pornography was filed against defendant on March 1, 2007. After a hearing on defendant's motion to suppress the seized evidence, the hearing justice issued a written decision granting the motion, concluding that the search violated defendant's Fourth Amendment rights.

A violation hearing commenced in Superior Court on July 19, 2007. Evidence presented at the hearing included testimony from defendant's probation officer—who first observed the inappropriate material in defendant's home—as well as the evidence that had been ruled to have been illegally seized at the earlier suppression hearing. The defendant was found to be in violation of the terms and conditions of his deferred sentence agreement. The state dismissed the criminal charges on July 26, 2007, pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure based on the illegal search of defendant's home. On September 20, 2007, the hearing justice sentenced defendant to a five-year term of imprisonment at the Adult Correctional Institutions, the first three years to be served, the balance suspended, with probation.

On February 18, 2010, defendant filed a motion to quash and vacate the finding that he violated his deferred sentence, contending that he should be granted relief as set forth in § 12–19–18.[2] The defendant asserted that the dismissal of the criminal charge, upon which the finding of violation was predicated, required that the judgment be quashed and vacated. After a hearing on May 17, 2010, the motion subsequently was denied; the trial justice declared that defendant's argument "ignores the plain language of the statute and unnecessarily broadens its statutory provi-

1. The criminal information against White included two counts of possession of child pornography, in violation of G.L.1956 § 11–9–1.3. The second count was dismissed pursuant to Rule 48(a) of the Superior Court Rules of Criminal Procedure in consideration of his plea of *nolo contendere* to count one of the information.

2. Although amended in June 2010, at the time of defendant's plea G.L.1956 § 12–19–18 provided:

"Whenever any person has been sentenced to imprisonment for violation of a deferred sentence by reason of the alleged commission of a felony and the grand jury has failed to return any indictment or an information has not been filed on the charge which was specifically alleged to have constituted the violation of the deferred sentence, the sentence to imprisonment for the alleged violation of the deferred sentence shall, on motion made to the court on behalf of the person so sentenced, be quashed, and imprisonment shall be immediately terminated, and the deferred sentence shall have same force and effect as if no sentence to imprisonment had been imposed."

The 2010 amendment is not relevant to this case.

sions." The trial justice further found that the violation determination was not predicated exclusively on the criminal information, but also was supported by the testimony of defendant's probation officer who had viewed the pornographic images, and that the probation officer's testimony, standing alone, could have sustained the violation. The defendant appealed, arguing that the trial justice erred in refusing to quash the sentence.

This Court reviews questions of statutory interpretation *de novo*. *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I.2009) (citing *Town of North Kingstown v. Albert*, 767 A.2d 659, 662 (R.I.2001)). When the language of a statute is clear and unambiguous, this Court interprets the statute literally and gives the words their plain and ordinary meanings. *State v. DiCicco*, 707 A.2d 251, 253 (R.I.1998) (citing *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1226 (R.I.1996)). In the absence of any ambiguity, this Court need not engage in statutory construction, and must apply the statute as written. *In re Denisewich*, 643 A.2d 1194, 1197 (R.I. 1994).

The defendant seeks to have the sentence, which was imposed in this case after a finding of violation, vacated because the underlying criminal information was dismissed in accordance with Rule 48(a). This contention is without merit.

We are satisfied that § 12–19–18 is unambiguous as it applies to deferred sentence agreements. By its clear language, relief is available when "the grand jury has failed to return any indictment or an information has *not been filed* on the charge which was specifically alleged to have constituted the violation of the deferred sentence * * *." Section 12–19–18 (emphasis added). It is undisputed that the state filed a criminal information against defendant in this case. Because the state filed an information against defendant, § 12–19–18 and the relief provided therein is unavailable in this case.

The defendant argues that a finding of a violation of his deferred sentence agreement cannot stand in light of the dismissal of the underlying charge, where prosecution of the offense creating the violation did not proceed as a result of illegally-obtained evidence. According to the defendant, the dismissed charge is tantamount to the grand jury's failure to indict or the Attorney General's refusal to file an information, and therefore, he is entitled to relief under § 12–19–18. We disagree. The statute makes no reference to a criminal information that has been filed and subsequently dismissed based on an application of the exclusionary rule. Accordingly, we are satisfied that the trial justice did not err in denying the defendant's motion to quash and vacate the finding of a violation.

For the aforementioned reasons, we affirm the Superior Court's denial of the defendant's motion to quash and vacate the finding of a violation of the deferred sentence agreement. The papers in this case may be returned to the Superior Court.